**FILED**
SEP - 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert J Welzel )
Lisa L Welzel ) CASE NO.
114 W Graycrest Ave. )
Collierville, TN 38017 ) (PLAINTIFF(S) DEMAND A TRIAL BY
) JURY OF ALL ISSUES SO TRIABLE)
vs, ) CASE NUMBER 1:06CV01580
)
UNITED STATES ) JUDGE: Reggie B. Walton
)
DECK TYPE: Pro se General Civil

DATE STAMP: 09/8/2006

JURY ACTION

COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431

Robert J Welzel, Lisa L Welzel plaintiff(s) herein, complain(s) of defendants and seek(s) statutory and/or actual and punitive damages as follows:

I

**INTRODUCTION**

1. This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and/or negligent unlawful disclosure of confidential return information by Dennis Minor # 25-14-1233 and other unknown agents (herein agent(s)) of the Internal Revenue Service.

2. This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the Internal Revenue Code. Venue is proper in this Court under 28 U.S.C. §1391(e).

## II

## FACTS

3. Robert J Welzel Lisa L Welzel is/are (an) individual(s) who at all times material hereto resided at 114 W Graycrest Ave., Collierville, TN 38017.

4. Plaintiff(s)is/are the subject of ongoing unauthorized collection action being conducted by the aforementioned agent(s) of the Internal Revenue Service.

5. In the absence of an assessment and in the absence of a lien arising therefrom on or about 2006, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Shelby, County, State of Tennessee (a) Notice(s) of Tax Liens(a sample is affixed hereto. Identifying information has been excised).

6. Each Notice of Tax Lien wrongfully discloses, through the public record, tax return information, such as name, address, city, state, social security number, amount of assessment, etc.

7. The wrongful disclosure of plaintiffs' return information has caused plaintiff(s) substantial mental and emotional distress.

8. The wrongful disclosure of plaintiffs' return information has subjected plaintiff(s) to the real possibility of identity theft.

9. It was not necessary for the aforementioned agent(s) to place on the aforementioned Notice(s) of tax lien(s) tax return information which subjects plaintiff(s) to the possibility of identity theft.

10. Agent(s) disclosure was not in good faith or there existed no good faith in disclosure of the information.

11.. A reasonable Internal Revenue Agent can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agents's contrary interpretation is not in good faith.

12. Agent did not follow the dictates of section 6103 or the applicable IRS manual provisions prior to recording the aforementioned liens.

13. On information and belief, the agent(s) involved in this case has/have (all) received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

III

LEGAL AUTHORITY

14. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

15. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. There is no provision in Section 6103 providing for the disclosure of the return information contained in the aforementioned

lien(s) "Return Information" is broadly defined in Section 6103(b)(2) as follows:

a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

16. The disclosure(s) described above is/are (an) intentional, negligent, and/or grossily negligent disclosure(s) of "return information" in violation of Section 6103 and for which plaintiff(s) is/are entitled to statutory and/or actual and punitive damages under Section 7431.

### IV

### DAMAGES

17. The reprehensible and vexatious conduct of and the illegal disclosures made by the aforementioned agent(s) and the other agents involved herein has/have caused plaintiff(s) substantial personal embarrassment, loss of good will, loss in credit, the extent of which at this time cannot be completely and accurately ascertained but which will be more fully known after the completion of discovery.

18. The intentionally and/or grossly negligent unlawful disclosures by the aforementioned agent(s) and the other agents involved herein entitles plaintiff(s) to punitive damages the extent of which at this time cannot be accurately ascertained by which will be

more fully known after the completion of discovery.

19. Based on the aforementioned unlawful disclosures plaintiff(s) contend that they are entitled to the costs of the action pursuant to Section 7431(c)(2) and (3).

**WHEREFORE**, plaintiff(s) request(s) after trial of this case that judgement be entered in his/her/their favor against the United States for actual and punitive damages, the costs of this action, expungement of the aforementioned liens and such other and further relief to which plaintiff(s) is/are entitled.

Dated  7 SEPTEMBER , 2006

_____          _____
Robert J Welzel                             Lisa L Welzel

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Tennessee, personally appeared, Robert J Welzel, Lisa L Welzel known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____          My Commission Expires:
Notary, State of Tennessee              March 27, 2007



| Form 668 (Y)(c) (Rev. February 2004) | 1872 | Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** | |
|---|---|---|---|
| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #5<br>(800) 913-6050 | | Serial Number<br>282408206 | For Optional Use by Recording Office |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

Name of Taxpayer    ROBERT J WELZEL

Residence    114 W GRAYCREST AVE
COLLIERVILLE, TN 38017-3568

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1999 | 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 | 05/31/2004 | 06/30/2014 | 14646.21 |
| 1040 | 12/31/2001 | 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 | 05/31/2004 | 06/30/2014 | 65867.52 |
| 1040 | 12/31/2002 | 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 | 02/07/2005 | 03/09/2015 | 67517.81 |
| 1040 | 12/31/2003 | 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 | 10/17/2005 | 11/16/2015 | 69361.99 |

Place of Filing    Register of Deeds
Shelby County
Memphis, TN 38104-5406

Total    217393.53

This notice was prepared and signed at ___DALLAS, TX___ , on this, the _03rd_ day of _April_ , _2006_ .

Signature   _R. A. Mitchell_
for DENNIS MINOR

Title    REVENUE OFFICER    25-14-1233
(901) 544-3165

FILED
SEP - 8 2006
06 1580
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - Taxpayer's Copy

CAT. NO 60025X
Form **668 (Y)(c)** (Rev. 02-04)