IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. WELZEL )<br>LISA L. WELZEL, )<br>                                )<br>        Plaintiffs, )<br>                                )<br>    v.                          )<br>                                )<br>UNITED STATES, )<br>                                )<br>        Defendant.          ) | Civil No. 1:06-cv-1580-RBW |

MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS AMENDED COMPLAINT

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages allegedly caused by the Internal Revenue Service ("Service") disclosing confidential return information. Plaintiffs' amended complaint, like the original complaint, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. 26 U.S.C. § 7433(a). Plaintiffs' unauthorized disclosure claim relates to a notice of federal tax lien filed by the Service. Can Plaintiffs recover under 26 U.S.C. § 7431 when their claim is based on a collection action?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative remedies available to such plaintiff" before a judgment for damages may be awarded.

26 U.S.C. § 7433(d)(1). Plaintiffs have failed to meet their burden with respect to this requirement. Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiffs' claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code. 26 U.S.C. § 6103. Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment of liens. 26 U.S.C. § 6103(k)(6). Did the Service violate section 6103 by filing a notice of federal tax lien?

STATEMENT OF FACTS

1. Introduction

On September 8, 2006, Plaintiffs, acting *pro se*, filed their complaint. Plaintiffs seek to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint. (Compl. ¶ 1.)

On November 7, 2006, the United States filed the United States' motion to dismiss. In its motion, the United States demonstrated that Plaintiffs' section 7431 claim must be dismissed because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim. The United States also demonstrated that Plaintiffs failed to exhaust their administrative remedies as required to maintain a cause of action under section 7433. Finally, the United States demonstrated that even if this case were properly before the Court under either 26

U.S.C. §§ 7431 or 7433, Plaintiffs have not proven that there has been a violation of 26 U.S.C. § 6103.

On January 31, 2007, Plaintiffs filed the amended complaint for damages under section 7431.

    2. <u>The allegations in the amended complaint</u>

The amended complaint is nearly identical to the original complaint, except that it omits certain factual allegations contained in the original complaint. These omitted factual allegations are as follows:

    a. Paragraph 4 of the original complaint alleges that "Plaintiff(s) is/are the subject of ongoing unauthorized collection action being conducted by the aforementioned agent(s) of the Internal Revenue Service." (Compl. ¶ 4.)

In the amended complaint, this allegation is omitted in its entirety.

    b. Paragraph 5 of the original complaint alleges that "[i]n the absence of an assessment and in the absence of a lien arising therefrom on or about 2006, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Shelby County, State of Tennessee, (a) Notice(s) of Tax Lien(s) (a sample is affixed hereto. Identifying information has been excised)." (<u>Id.</u> at ¶ 5.)

In the amended complaint, Plaintiffs allege that "[o]n or about 2006, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Shelby County, State of Tennessee, (a) Notice(s) of Tax Lien(s)." (Am. Compl. ¶ 4.) Plaintiffs have withdrawn their assertion that the notice of federal tax lien was

filed "[i]n the absence of an assessment and in the absence of a lien arising therefrom." (Id.)  Additionally, in a footnote at the end of this paragraph, Plaintiffs acknowledge and adopt the position set forth in the United States' motion to dismiss that the validity of the underlying lien is irrelevant to the disclosure issue.  (Id. at ¶ 4 n.1.)

      3.  <u>The present action for "wrongful disclosure" under section 7431</u>

Plaintiffs argue that, "on or about 2006," Service agents caused a notice of federal tax lien to be recorded with the Register of Deed of Shelby County, Tennessee.  (Am. Compl. ¶ 4.)  Plaintiffs allege that the notice of federal tax lien wrongfully disclosed tax return information, and that those disclosures caused Plaintiffs substantial mental and emotional distress and subjected them to the possibility of identity theft.  (Id. at ¶¶ 5, 6, 7.)  Most of the allegations in the amended complaint are nearly identical to the allegations in the original complaint.

One noticeable change in the amended complaint, however, is the withdrawal of Plaintiffs' argument that the notice of federal tax lien was filed "[i]n the absence of an assessment and in the absence of a lien arising therefrom," and the adoption of the position set forth in the United States' motion to dismiss that the validity of the underlying lien is irrelevant to the question of unlawful disclosure.  (Id. at ¶ 4 n.1.)

In short, the gravamen of Plaintiffs' amended complaint is the same as the gravamen of Plaintiffs' original complaint.  In both instances, Plaintiffs base their cause of action in 26 U.S.C. § 7431, which they maintain provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the

event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (<u>Id.</u> at ¶ 13.)

    4. <u>The prior action for "wrongful collection" under section 7433</u>

Plaintiffs have also filed a separate suit against the United States under the authority of 26 U.S.C. § 7433.  <u>Welzel v. United States</u>, No. 06-838 (D.D.C. filed May 5, 2006).[1]  In Plaintiffs' section 7433 suit, they filed a complaint alleging a variety of forms of misconduct by the Service and challenging the collection activity and validity of the assessments.  (No. 06-838 Compl.)  Plaintiffs' 7433 complaint also alleges wrongful disclosure of return information, and seeks damages.  (<u>Id.</u>)  In that complaint, Plaintiffs acknowledge that 26 U.S.C. § 7433 is their exclusive remedy.  (<u>Id.</u> at ¶ 6, 16.)

Plaintiffs' section 7433 suit is still pending.

ARGUMENT

**I. Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  <u>Lindsey v. United States</u>, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) ("Once a defendant has moved to dismiss a case pursuant to Rue 12(b)(1), 'the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.'") (quoting

---

[1] The United States asks that the Court take judicial notice of the information contained in this complaint.  Upon request, a court will take judicial notice of its own files.  Fed. R. Evid. 201(d); <u>Hinton v. Stein</u>, 278 F. Supp. 2d 27, 29 (D.D.C. 2003).

Erby v. United States, 424 F. Sup. 2d 180, 182 (D.D.C. 2006)).  See also Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  The court need not accept inferences or conclusory allegations that are unsupported by facts set forth in the complaint.  See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**II.  Section 7433 Is Plaintiffs' Exclusive Remedy**

Plaintiffs' section 7431 claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim.  Disclosures of return

information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

> Section 7433(a) provides:
>
> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added). By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection. <u>Id.</u> Congress provided only one exception to section 7433's exclusivity, and that is section 7432. <u>Id.</u>

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. <u>Cf</u>. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432. <u>Cf</u>. <u>Connecticut Nat'l Bank v. Germain</u>, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions. The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax." H.R. Conf. Rep. No. 100-1104, at 228-29, reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433. In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case. Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000). In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business. Id. Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431. Id. See also Elias v. United States, No. 90-0432, 1990 WL 264722, at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of

section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).

This Court recently concurred in the holding in Shwarz and the exclusivity of section 7433. Koerner, et al. v. United States, No. 06-1633, 2007 WL 159716 mem. op. at 4 (D.D.C. Jan. 23, 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431.").

In sum, section 7433 is the exclusive remedy for disclosures allegedly made during tax collection activities, a fact which Plaintiffs acknowledged in their section 7433 suit. (No. 06-838 Compl. ¶ 6, 16.) Plaintiffs' unauthorized disclosure claim relates to a notice of federal tax lien filed with the Register of Deeds. Accordingly, Plaintiffs' unauthorized disclosure claim relates to the Service's collection activities. See Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098, at * 2 (D.D.C. Aug. 16, 2001) (noting that filing liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed under Fed. R. Civ. P. 12(b)(1). To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief,

depending on the alleged violation.  Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

### III. Plaintiffs' Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that Plaintiffs had properly brought their suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiffs' amended complaint because the requirements of section 7433 have not been met.

It is well-settled that the United States is immune from suit, unless its sovereign immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1). "A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  Id.

The Secretary of the Treasury of the United States has promulgated regulations governing the administrative claim for damages under section 7433. 26 C.F.R. § 301.7433-1(e). The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages...shall be sent in writing to the Area Director, Attn; Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id. The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives, and such claim must include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonable foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)). In the instant matter, Plaintiffs make no assertions concerning their pursuit of administrative remedies, therefore Plaintiffs have not met

their burden in proving exhaustion of administrative remedies.[2] As a result, Plaintiffs have not adequately met their burden in alleging that the United States has unequivocally waived its sovereign immunity, therefore this Court does not have jurisdiction over this claim and should dismiss the amended complaint.[3]

### IV. Plaintiffs Fail to State a Claim Because There Was No Unlawful Disclosure

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, Plaintiffs have not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103, other than in the collection process. 26 U.S.C. § 7431. Section 7433

---

[2]In their complaint filed under section 7433, Plaintiffs argued that the administrative claims they filed with the Service satisfied the requirement that a taxpayer exhaust all administrative remedies, however, Plaintiffs offered no proof that they had complied with the regulations. (No. 06-838, Compl. ¶ 17.)

[3]There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Compare Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) with Glass v. United States, 424, F. Supp. 2d 224, 227 (D.D.C. 2006). It is the position of the United States that, as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit. However, because the instant matter was brought pursuant to section 7431 rather than section 7433, and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).

protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed.  Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987); see also Koerner, et al. v. United States, No. 06-1633, mem. op. at 5 (D.D.C. Jan. 23, 2007) ("[N]ot all disclosures of tax return information violate § 6103.").  The Internal Revenue Code contains a number of specific and several general exceptions to this rule of non-disclosure.  Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any...collection activity...disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available...with respect to the enforcement of any other provisions of this title.  Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6). Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," and are entitled to special deference from the courts.  See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979).

Regulation 301.6103(k)(6)-1T(a) states:

> [A]n internal revenue employee…in connection with the performance of official duties relating to any…collection activity…may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to-
> (vi) …to locate assets in which the taxpayer has an interest…[and] to apply the provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1T(a) (2003). See also 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the…filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) ("Federal courts have held that disclosure of return information in notices of levy is 'necessary to the collection activity' and thus falls within the § 6103(k)(6) exemption. The limited information concerning plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the collection activity' and did not violate 26 U.S.C. § 7431.") (internal citations omitted).

This Court has recently upheld this argument in a case nearly identical to the present one, and held that "under § 6103(k)(6) and related Treasury regulations, plaintiffs have failed to state a claim under § 7431." Koerner, et al. v. United States, No. 06-1633, 2007 WL 159716 mem. op. at 6 (D.D.C. Jan. 23, 2007).

In the instant case, it cannot be disputed that the notice of federal tax lien was filed in connection with the official duties of the Service in attempting to collect Plaintiffs' tax liabilities. Had the information not have been disclosed, Plaintiffs' creditors would have no way to discover the existence of the lien. "Indeed, the purpose of recording the lien...is to place the public on notice of the lien." William E. Schrambling Accountancy Corp. v. United States, 397 F.2d 1485, 1489 (9th Cir. 1991). The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6), therefore there can be no liability under sections 7431 or 7433.

## CONCLUSION

The amended complaint contains allegations virtually identical to those set forth in the original complaint. None of the new allegations contained in the amended complaint are of consequence in relation to the legal analysis under sections 7431, 7433, or 6103. The same analysis applies to the amended complaint as applies to the original complaint.

Here, as with respect to the original complaint, Plaintiffs' exclusive remedy is found in section 7433, therefore the complaint should be dismissed. In the alternative, Plaintiffs have not exhausted their administrative remedies under the Code, therefore

the complaint should be dismissed. In the alternative, there has been no violation of section 6103, therefore the complaint should be dismissed.

DATE: February 2, 2007                        Respectfully submitted,

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6866
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney