IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. WELZEL<br>LISA L. WELZEL,<br><br>   Plaintiffs,<br><br> v.<br><br>UNITED STATES,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil No. 1:06-cv-1580-RBW<br>)<br>)<br>)<br>) |

REPLY TO PLAINTIFFS' OPPOSITION TO
UNITED STATES' MOTION TO DISMISS

  This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service ("Service").

STATEMENT & DISCUSSION

  1. <u>Introduction.</u>  On February 2, 2007, the United States filed a fully supported motion to dismiss Plaintiffs' amended complaint.  Plaintiffs have opposed the motion to dismiss on several grounds.   This reply brief addresses only those points raised in Plaintiffs' opposition that warrant a response.  With respect to those points not discussed herein, the United States relies upon its memorandum in support of the motion to dismiss.

  2. <u>Plaintiffs' opposition.</u>  In their response, Plaintiffs allege that notices of federal tax lien are not collection tools, that the United States is attempting to treat 26 U.S.C. §

1

7433 as though it repeals 26 U.S.C. § 7431, and that Plaintiffs were not required to plead exhaustion of their administrative remedies. Additionally, Plaintiffs state that neither section 7431 nor section 7433 address the legitimacy or validity of the underlying collection activity.

ARGUMENT

**I. The Filing of Notices of Federal Tax Liens Is a Collection Activity**

Plaintiffs' unauthorized disclosure claim relates to notices of federal tax liens filed by the Service. Chapter 64 of the Internal Revenue Code addresses the issue of collection, and section 6323 contained therein provides for the filing of notices of federal tax liens. Accordingly, Plaintiffs' unauthorized disclosure claim relates to the Service's collection activities.

Therefore, despite Plaintiffs' attempt to characterize it as a "notice tool," the filing of notices of federal tax liens is a collection activity. See Glass v. United States, No. 06-1619, 2007 WL 902074, at *2 (D.D.C. Mar. 27, 2007) ("The filing of a notice of lien is patently a tax collection activity."); Evans v. United States, No. 06-1713, 2007 WL 869039, at *4 (D.D.C. Mar. 21, 2007) ("This argument [that notices of federal tax lien do not involve the collection of federal tax] defies common sense and the legal precedent recognizing IRS notices of tax liens as a tax collection activity); Opdahl v. United States, No. 98-0262, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001) (stating that the filing of notices of tax lien is a collection activity).

Federal tax liens arise by operation of law, after assessment of a tax, the failure to

pay the same by a taxpayer, and notice and demand for payment by the Service. As the federal tax lien statute provides—

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. The purpose of the language "all property and rights to property" reveals a congressional intention to reach every interest in property that a tax debtor might have. United States v. National Bank of Commerce, 472 U.S. 713, 719-20 (1985). Furthermore, the statute's broad application is intended to "assure the collection of [federal] taxes." Glass City Bank v. United States, 326 U.S. 265, 267 (1945) (emphasis added). But a federal tax lien is not valid against certain types of competing creditors until notice of the lien is filed in conformance with 26 U.S.C. § 6323. United States v. Estate of Romani, 523 U.S. 517, 517-18 (1998). Thus, in order to preserve its position for a tax lien foreclosure suit or an administrative levy—both undeniably tax collection actions—the Service must file a notice of federal tax lien. Therefore, it cannot be denied that filing a notice of lien is a collection action.

### II. Although Section 7433 and Section 7431 Coexist, Plaintiffs' Only Possible Avenue of Recourse Is Section 7433

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. Disclosures of return information allegedly made in the course of collection actions, e.g., the filing of notices

3

of federal tax lien, are subsumed within this exclusive remedy.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000).

     This Court recently concurred in the holding in Shwarz and the exclusivity of section 7433.  Glass v. United States, No. 06-1619, 2007 WL 902074, at *2 (D.D.C. Mar. 27, 2007) ("§ 7433 bars claims under § 7431 when the alleged IRS disclosures involve federal tax collection activity"); Powell v. United States, 2007 WL 853129, at *1 (D.D.C. Mar. 21, 2007) ("[G]iven the plain language of § 7433 (which was added after § 7431 was enacted) the Court concludes that the statute provides the sole remedy for claims of unauthorized disclosure made in the course of collection activity."); Evans v. United States, No. 06-1713, 2007 WL 869039, at *3 (D.D.C. Mar. 21, 2007) ("§ 7433 bars a claim under § 7431 where the alleged IRS disclosure is 'in connection with any collection of Federal tax.'"); Koerner, et al. v. United States, No. 06-1633, 2007 WL 159716, at *3 (D.D.C. Jan. 23, 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431."); Ross, et al. v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This Court…concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other statutes].").  Additionally, Plaintiffs acknowledged that section 7433

is their exclusive remedy in their section 7433 suit.  Compl. ¶ 6, <u>Welzel v. United States</u>, No. 06-838 (D.D.C. filed May 5, 2006).

Contrary to Plaintiffs' contention, the United States is not arguing that section 7433 repealed section 7431, nor is it arguing that the two sections do not coexist.  Rather, it is the position of the United States that Plaintiffs' remedy for an alleged violation of section 6103 during the tax collection process is found exclusively in section 7433.  That position gives effect to both statutes, and, accordingly, the Court lacks subject matter jurisdiction to hear Plaintiffs' claim.

### III.  Plaintiffs Were Under an Obligation to Plead Exhaustion of Remedies

Plaintiffs' argument that they were under no obligation to plead exhaustion of administrative remedies under the Federal Rules of Civil Procedure and section 7433 is incorrect.  Fed. R. Civ. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Pursuant to 26 U.S.C. § 7433, "damages shall not be awarded...<u>unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff</u> within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1) (emphasis added).  Plaintiffs failed to comply with Fed. R. Civ. P. 8 because they failed to set forth a short and plain statement indicating that they exhausted their administrative remedies by filing a proper administrative claim for damages.

Plaintiffs' argument that failure to state a claim is an affirmative defense and must be placed before the jury is also incorrect.  <u>See</u> Fed. R. Civ. P. 8(c).

### IV. Neither Section 7433 or Section 7431 Address the Underlying Assessments and the Validity of the Lien

The United States agrees with Plaintiffs that neither section 7431 nor section 7433 address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying [assessment], summons, lien or levy."  Elias v. United States, No 90-0432, 1990 WL 264722 (C.D. Cal. Dec. 21, 1990).  It is unclear why Plaintiffs made this argument in their response, as it is the same argument made by the United States in its motion to dismiss.  At any rate, the United States agrees that the propriety of the underlying collection action is irrelevant to whether disclosure is authorized under section 6103.

### CONCLUSION

It is the position of the United States that the motion to dismiss Plaintiffs' complaint should be granted.

DATE: April 5, 2007                                         Respectfully submitted,

 /s/ Anne E. Blaess
ANNE E. BLAESS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-9806
Facsimile: (202) 514-6966
Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' REPLY TO PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION TO DISMISS was caused to be served upon Plaintiffs *pro se* on the 5th day of April, 2007, by depositing copies thereof in the United States' mail, postage prepaid, addressed as follows:

> ROBERT J. WELZEL
> LISA L. WELZEL
> Plaintiffs *pro se*
> 114 W. Graycrest Avenue
> Collierville, TN 38017

      /s/ Anne E. Blaess
    ANNE E. BLAESS