RECEIVED

APR 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert J Welzel
Lisa L Welzel

                     Plaintiff(s),

Case No. 1:06-cv-01580 RBW

v.

United States

                     Defendant.

## SUR-REPLY

Plaintiffs' request leave of court to file a sur-reply.

Plaintiffs respond to issues raised in defendants reply.

Defendant continues to maintain that under 7433 administrative remedies is not an affirmative defense. However, pursuant to recent Supreme Court jurisprudence defendant's position directly at odds with the aforementioned jurisprudence,

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

Plaintiff asserts that the Verified Complaint met the "notice pleading" requirements

set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[1], and reiterated in *Jones*.

Writing for the Court, the Chief Justice explained that,

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

IRC section 7433, as amended by TBOR III, is silent on the issue whether exhaustion must be pleaded. The *Jones* Court also reiterated:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[2]

and,

> "Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant, a fiction of law, is bound by such law, and by the Federal Rules of Civil Procedure. Neither the Taxpayer Bill of Right III, nor Rule 8, requires Plaintiff to "demonstrate", "plead" or otherwise "assert" exhaustion; defendant must, in "the usual

---

[1] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[2] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)

practice", raise such matter as an <u>affirmative defense</u>, and "place before the jury sufficient proof to generate a jury instruction on the particular defense theory sought"[3], and, notwithstanding recent cases dismissing on grounds of "failure to state a claim", the *Arbaugh* Court, citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts."

The jury is the proper trier, *Arbaugh*; *Reeves*, of the "'short and plain statement of the claim' in a complaint..." Federal Rule of Civil Procedure 8(a), *Conley*; and of any affirmative defense. *Jones*.

Pretrial dismissal for "failure to state a claim", pre-empts the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies available* " as described in 7433(d)'s language; "unless the court determines[4]" - in the common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861 - calls for a determination of fact; clearly within the province of the jury.[5] Defendant

---

[3] UNDERSTANDING AFFIRMATIVE DEFENSES, David Beneman, Maine CJA Resource Counsel, Levenson, Vickerson & Beneman

[4] Defendant falsely asserts that Congress reinserted TEBOR I's language back into TEBOR III. The IRS improperly inserted TEBOR I's language into its regulation.

[5] Defendant could not seriously assert prejudice by the jury's trial of the factual element, since the jury could, upon examination of all relevant facts, find that available remedies were not exhausted; Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:
"A defense of failure to state a claim upon which relief can be granted...may be made in any

has not set forth failure to exhaust as an affirmative defense.

Additionally, defendant by its silence agrees with plaintiffs that the release of the plaintiffs' personal information violates plaintiffs' right to privacy and subjects plaintiffs to identity theft. Additionally, such release of personal information constitutes a scheme by the aforementioned agent to promote identity theft.

Dated __19 April__, 2007

_____
Robert J Welzel
2440 E. Tudor Rd, PMB 244
Anchorage, AK 99507

_____
Lisa L Welzel
2440 E. Tudor Rd, PMB 244
Anchorage, AK 99507

---

pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, <u>or at the trial on the merits</u>." Fed.R.Civ.P 12(h)(2) (emphasis added)

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Anne E. Blaess
U.S. Dept. of Justice
P O Box 227
Washington, DC 20044

Dated  19 April, 2007

Robert J Welzel

# Shipping Label

From: Origin ID: NHKA (202)354-3050
Clerk of Court
United States District Court
333 Constitution Ave. NW

Washington, DC 20001



Ship Date: 19APR07
ActWgt: 1 LB
System#: 1951665/INET2600
Account#: S *********

Delivery Address Bar Code

SHIP TO: (907)336-6282    BILL SENDER
**Robert Welzel**
**FEDEX**
**8450 Greenhill Way**

**Anchorage, AK 99502**



RMA #:
Return Reason:



**STANDARD OVERNIGHT**

TRK# 7902 2888 8819    FORM 0221

**FedEx Returns**

ANC    AM

99502    -AK-US

**ZX ANCA**



## Shipping Label

**This shipping label constitutes the air waybill for this shipment.**

1. Use the "Print" feature from your browser to send this page to your laser printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping label pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit,attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

View all labels

*Return to M in Reuseable envelope*

https://www.fedex.com/fsmShip/labelDomAction.do?method=doLabelClick    4/19/2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert J Welzel
Lisa L Welzel

                      Case No. 1:06-cv-01580

        Plaintiff(s),

v.

United States

        Defendant.

## SUR-REPLY

Plaintiffs' request leave of court to file a sur-reply.

Plaintiffs respond to issues raised in defendants reply.

Defendant continues to maintain that under 7433 administrative remedies is not an affirmative defense. However, pursuant to recent Supreme Court jurisprudence defendant's position directly at odds with the aforementioned jurisprudence,

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

Plaintiff asserts that the Verified Complaint met the "notice pleading" requirements

set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[1], and reiterated in *Jones*.

Writing for the Court, the Chief Justice explained that,

"The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

IRC section 7433, as amended by TBOR III, is silent on the issue whether exhaustion must be pleaded. The *Jones* Court also reiterated:

"Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[2]

and,

"Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant, a fiction of law, is bound by such law, and by the Federal Rules of Civil Procedure. Neither the Taxpayer Bill of Right III, nor Rule 8, requires Plaintiff to "demonstrate", "plead" or otherwise "assert" exhaustion; defendant must, in "the usual

---

[1] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[2] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)

practice", raise such matter as an <u>affirmative defense</u>, and "place before the jury sufficient proof to generate a jury instruction on the particular defense theory sought"[3], and, notwithstanding recent cases dismissing on grounds of "failure to state a claim", the *Arbaugh* Court, citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts."

The jury is the proper trier, *Arbaugh*; *Reeves*, of the "'short and plain statement of the claim' in a complaint..." Federal Rule of Civil Procedure 8(a), *Conley*; and of any affirmative defense. *Jones*.

Pretrial dismissal for "failure to state a claim", pre-empts the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "<u>administrative remedies available</u>" as described in 7433(d)'s language; "unless the court determines[4]" - in the common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861 - calls for a determination of fact; clearly within the province of the jury.[5] Defendant

---

[3] UNDERSTANDING AFFIRMATIVE DEFENSES, David Beneman, Maine CJA Resource Counsel, Levenson, Vickerson & Beneman

[4] Defendant falsely asserts that Congress reinserted TEBOR I's language back into TEBOR III. The IRS improperly inserted TEBOR I's language into its regulation.

[5] Defendant could not seriously assert prejudice by the jury's trial of the factual element, since the jury could, upon examination of all relevant facts, find that available remedies were not exhausted; Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:
"A defense of failure to state a claim upon which relief can be granted...may be made in any

has not set forth failure to exhaust as an affirmative defense.

Additionally, defendant by its silence agrees with plaintiffs that the release of the plaintiffs' personal information violates plaintiffs' right to privacy and subjects plaintiffs to identity theft. Additionally, such release of personal information constitutes a scheme by the aforementioned agent to promote identity theft.

Dated __19 April__, 2007

_____
Robert J Welzel
2440 E. Tudor Rd, PMB 244
Anchorage, AK 99507

_____
Lisa L Welzel
2440 E. Tudor Rd, PMB 244
Anchorage, AK 99507

---

pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, <u>or at the trial on the merits</u>." Fed.R.Civ.P 12(h)(2) (emphasis added)

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Anne E. Blaess
U.S. Dept. of Justice
P O Box 227
Washington, DC 20044

Dated  19 April , 2007

*Robert J Welzel* (signature)
Robert J Welzel